UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMONT SHEPARD,<br><br>    Petitioner,<br><br>    v.<br><br>A. MONTGOMERY,<br><br>    Respondent. | Case No. 17-CV-00154 LHK (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AS SECOND OR SUCCESSIVE; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upon review of the petition, the court ordered respondent to file a motion to dismiss on procedural grounds, or notify the court that no such motion was warranted. On May 22, 2014, respondent filed a motion to dismiss the petition as a second or successive petition. Petitioner has filed an opposition, and respondent has filed a reply.

Based upon the papers submitted, the court GRANTS respondent's motion to dismiss the petition as an unauthorized second or successive petition.

**BACKGROUND**

Petitioner was charged in two separate cases, Case Nos. SS972098 and SS972666, in Monterey County Superior Court. The cases were consolidated for trial. On March 12, 1998, a jury found petitioner guilty of battery by a prisoner on a non-prisoner, and found that petitioner

Case No. 17-CV-00154 LHK (PR)
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AS SECOND OR SUCCESSIVE; DENYING CERTIFICATE OF APPEALABILITY

1

had suffered two prior convictions for attempted murder. The jury was unable to reach a verdict on the remaining counts, which were ultimately dismissed. On April 23, 1998, the trial court sentenced petitioner to a term of 25 years to life in prison. On January 5, 2000, the California Court of Appeal affirmed. Petitioner did not file a petition for review in the California Supreme Court, but filed several unsuccessful state habeas petitions beginning in 2010.

On August 21, 2012, petitioner challenged his 1998 criminal judgment by filing a petition for writ of habeas corpus in *Shepard v. Gipson*, Case No. 12-CV-04401 LHK (N.D. Cal.). In that case, on May 13, 2013, the court granted respondent's motion to dismiss the petition as untimely, and entered judgment against petitioner. *See id.*, Dkt. No. 16. Petitioner sought an appeal of the dismissal, *see id.*, Dkt. No. 18, and on September 18, 2013, the Ninth Circuit Court of Appeals denied a certificate of appealability, *see id.*, Dkt. No. 20.

Petitioner filed the underlying federal petition on January 12, 2017. In the petition, petitioner challenges the same 1998 criminal judgment as he did in *Shepard v. Gipson*, Case No. 12-CV-04401 LHK (N.D. Cal.). Specifically, petitioner claims that his sentence is improper.

## DISCUSSION

A district court must dismiss claims presented in a second or successive habeas petition challenging the same conviction and sentence unless the claims presented in the previous petition were denied for failure to exhaust. *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745-46 (9th Cir. 1999). Additionally, a district court must dismiss any new claims raised in a successive petition unless the petitioner received an order from the court of appeals authorizing the district court to consider the petition. The gatekeeping requirements of 28 U.S.C. § 2244(b) are jurisdictional requirements. *See Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

Here, the underlying petition challenges petitioner's 1998 criminal judgment. Petitioner previously challenged his 1998 criminal judgment in 2012 in *Shepard v. Gipson*, Case No. 12-CV-04401 LHK (N.D. Cal.). That case was dismissed as untimely on May 13, 2013. A case

Case No. 17-CV-00154 LHK (PR)
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AS SECOND OR SUCCESSIVE; DENYING CERTIFICATE OF APPEALABILITY

2

dismissed as barred under the statute of limitations is a disposition on the merits. *See McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Thus, under the AEDPA, petitioner was required to obtain authorization from the Ninth Circuit Court of Appeals before filing this second federal habeas petition. *See Burton*, 549 U.S. at 153. Petitioner has not presented an order from the Ninth Circuit Court of Appeals authorizing this court to consider any new claims, nor does petitioner assert that he has obtained such an order.

Accordingly, this court lacks jurisdiction and must dismiss the instant petition. *See* 28 U.S.C. § 2244(b)(3)(A).

## CONCLUSION

Respondent's motion to dismiss the petition as second or successive is GRANTED. The instant habeas petition is DISMISSED without prejudice to refiling if petitioner obtains the necessary order. The Clerk shall terminate any pending motions and close the file.

Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

DATED: 10/23/2017

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 17-CV-00154 LHK (PR)
ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AS SECOND OR SUCCESSIVE; DENYING CERTIFICATE OF APPEALABILITY

3